JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

XENI POLYMEROPOULOS,

   Plaintiff,

   v.

PNC BANK, N.A.,

   Defendant.

Case No.: SACV 15-00677-CJC(SSx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION & BACKGROUND**

Plaintiff Xeni Polymeropoulos ("Plaintiff") brings this action against Defendant PNC Bank, N.A. ("Defendant"). (Dkt. No. 1-1 ["Compl."].) According to the Complaint, in June 2006, Plaintiff obtained a loan ("Loan") from National City Bank secured by a deed of trust ("Deed of Trust") recorded against the property at 6 Gentle

Breeze Road, Newport Beach, CA 92657 (the "Subject Property"). (Compl. ¶ 7.) Plaintiff alleges that Defendant is the successor to National City Bank and, consequently, the beneficiary under the Deed of Trust. (Compl. ¶¶ 9–10.) Plaintiff alleges that she called Defendant and that Defendant denied that it was the beneficiary to the Deed of Trust or the owner of the Loan, or that it has any interest in the Subject Property. (Compl. ¶ 10.) Plaintiff further alleges that Defendant has denied that it has any claim of right, title, or interest in the Deed of Trust. (Compl. ¶ 10.)[1] Plaintiff asserts two causes of action: (1) quiet title and (2) cancellation of written instrument. (Compl.) Before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.) Plaintiff did not oppose Defendant's motion.[2] For the following reasons, Defendant's motion is GRANTED.[3]

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the

---

[1] In response to the Court's Order, Defendant filed a supplemental brief stating that its interest, as well as that of its predecessor, was servicing the account. (Dkt. No. 11.)

[2] As a preliminary matter, the Court makes note of Local Rule 7-12 of the Central District of California, which addresses a party's failure to file required papers. It states:

> The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.

Local Rule 7-12. Accordingly, the Court could grant Defendant's motion on this ground alone. In any event, the Court now will address the merits of Defendant's motion instead of relying solely on Plaintiff's procedural default.

[3] Having read and considered the papers presented by Defendant, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 29, 2015 at 1:30 p.m. is hereby vacated and off calendar.

claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**III.  ANALYSIS**

    **A.  Quiet Title**

Plaintiff's first cause of action is for quiet title. Under California law, a basic requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust." *Kelley v. Mortg. Elec. Registration Sys.,* 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Thus, "a borrower may not assert quiet title against a mortgagee without first paying the outstanding debt on the property." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d. 952, 975 (N.D. Cal. 2010) (internal citations omitted). The Complaint does not allege, and Plaintiff has not presented the Court with any evidence, that she is the rightful owner of the property or that she has tendered or has the ability to tender any

outstanding debt on the Subject Property. Plaintiff therefore cannot maintain a quiet title action against Defendant and the claim is DISMISSED WITH PREJUDICE.

     **B.**    **Cancellation of Written Instrument**

Plaintiff's second cause of action requests a cancellation of the Deed of Trust and accompanying note. Section 3412 of the California Civil Code provides that "[a] written instrument, in respect to which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. However, "[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction." *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796–97 (1961). Plaintiff has not alleged that she has or is willing to tender any amount owed on the Loan or that she has restored to the beneficiary of the Deed of Trust everything of value she has received in this transaction; her claim for cancellation of written instrument therefore fails. *See Jackson v. Atl. Sav. of Am.*, No. C 13-05755 CW, 2014 WL 4802879, *5 (N.D. Cal. Sept. 26, 2014) ("[T]he tender rule is applicable when a plaintiff seeks to set aside a deed of trust or requests a quiet title."). Furthermore, Plaintiff does not point to any additional facts demonstrating that the Deed of Trust and the accompanying note are void or voidable. Since Plaintiff has alleged no fact or presented any legitimate argument to suggest that she can cure this deficiency by alleging additional factual allegations, her claim for cancellation of written instruments is DISMISSED WITH PREJUDICE.

//
//
//

## IV. CONCLUSION

Accordingly, both of Plaintiff's claims suffer from deficiencies and she has not provided any factual bases suggesting that she can, or even has the desire to, cure the deficiencies in the Complaint.  Therefore, the Complaint is DISMISSED WITH PREJUDICE.

DATED:     June 24, 2015

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE